

| United States Department of Agriculture | Food Safety and Inspection Service | Labor & Employee Relations Division<br><br>Employee Relations Branch | 1400 Independence Ave. SW<br>Room 3175 South Bldg.<br>Washington, DC  20250<br>(202) 720-5657<br>(202) 690-3938 fax<br>(800) 217-1886 toll-free |
|---|---|---|---|

FOR OFFICIAL USE ONLY

July 7, 2004

Eugene Casole
Compliance Specialist
Food Safety and Inspection Service
Washington, DC

**DISTRICT MANAGER COPY**

THROUGH:   Scott Safian, Director
           Evaluation and Enforcement Division

SUBJECT:   Notice of Proposed Suspension

Dear Mr. Casole:

As a result of written complaints received from co-workers, allegations surfaced that you had engaged in misconduct, specifically making inappropriate comments of a sexual nature to a female co-worker. I have carefully reviewed the evidence relating to the allegations and concluded that a proposal of disciplinary action is warranted. Accordingly, this notice constitutes a proposal to suspend you from duty without pay for a period not to exceed five (5) workdays. This proposal is based on the charge of **Improper Conduct.**

Specification 1:

On January 27, 2004 you called Ms. Holmes a "vamp" and then left her office. You returned to her office with a dictionary and proceeded to read the definition of the word.

Specification 2:

On January 29, 2004, after apologizing to Ms. Holmes for the January 27th incident, you leaned over and kissed her on the cheek.

BACKGROUND:

You are a GS-1801-13 Compliance Specialist assigned to Washington, DC. Your file indicates that you have been employed with FSIS since September 26, 1986.

As an aggravating factor, our records reflect that you were issued a Letter of Caution on March 24, 2003 after making inappropriate comments during a meeting with other OPEER employees. In addition, our records indicate that on June 26, 2003 you were issued a Letter of Reprimand

000343

EXHIBIT 21

Page 1 of 4 Pages

after making offensive and discriminatory comments in a meeting with FSIS personnel and establishment management officials. In both instances, you were officially on notice that your conduct had fallen below the standard of care expected of all federal employees. Furthermore, you were informed that this type of behavior would not be tolerated. Despite counseling and the Letter of Reprimand you continue to engage in inappropriate behavior in the workplace. Your derogatory, discourteous and inappropriate behavior towards Ms. Homes was unwelcome, unprofessional, wholly inappropriate, and inconsistent with Agency policy on expectations of employee conduct.

FSIS Directive 4735.3, Employee Responsibilities and Conduct, contains regulations pertaining to conduct standards of Food Safety and Inspection Service employees. Part Two, (1), (A), states:

> "The maintenance of unusually high standards of honesty, integrity, impartiality, and conduct by Government employees...is essential to assure the proper performance of the Government business and the maintenance of confidence by citizens in their Government. The confidence of citizens in their Government is influenced not only by the manner in which employees serve the public, but in the way they conduct themselves in the eyes of the public. The avoidance of misconduct...on the part of Government employees...is indispensable to the maintenance of these standards."

Your conduct is not in keeping with the spirit and intent of what is expected and required of all FSIS employees as stated in the FSIS Directive 4735.3, Employee Responsibilities and Conduct and the Standards of Ethical Conduct for Employees of the Executive Branch. Your actions in this matter represent a serious breach of the standards of conduct, which can not be allowed to stand. All FSIS employees must act with unwavering integrity and complete devotion to the public interest. FSIS personnel are expected to maintain the highest moral principles, and to uphold the law of the United States and the regulations and policies of the Food Safety and Inspection Service. Not only is ethical conduct required, but officials and employees must be alert to avoid actions which would appear to prevent fulfillment of Agency obligations. This unacceptable conduct cannot and will not be tolerated.

## RIGHTS

The procedures governing this action, as well as the rights extended to you, are set forth in Chapter 1, 5 CFR, Part 752.

You have the right to be represented during these proceedings by any person of your choice, or you may represent yourself. Your representative must be designated by you, in writing, to the Deciding Official named below before he/she can represent you.

You have the right to reply to this notice either orally (personally), in writing or both. Your reply need not be restricted to matters relating solely to the Reason or Reasons for the proposed action. You may cite extenuating circumstances, make any other representations you consider



000344

appropriate, and/or submit affidavits or other evidence you wish to have considered in support of your reply.

The evidence and material upon which this proposal is based are enclosed.

You will be allowed **ten (10) calendar days** from the date you receive this notice to reply. Consideration will be given to extending this period if you submit a request stating your reasons for desiring more time. Your written reply, request for personal conference, and/or request for an extension of time should be directed to the Employee Relations Branch Chief at the above letterhead address.

If you wish to be heard in person, you must request an oral conference either in your written reply to this notice or separately, if you do not wish to submit a written answer. The request must be submitted in writing to the Employee Relations Branch Chief at the above letterhead address and received in this office within **ten (10) calendar days** of your receipt of this letter. If you request an oral conference, you will be notified of the arrangements for such a meeting. The oral conference will be conducted by the Oral Conference Officer to be named later. You will be notified of the time, date, and place of the oral conference. You will be allowed official time to present your oral reply.

At the conference you have the right to be represented by any person of your choice, and to discuss fully the matters relating to this notice. If the person of your choice is a U.S. Department of Agriculture employee, he or she must notify his or her supervisor in order to be away from normal duties. It is preferred you submit a full and complete answer, in writing, prior to the holding of such a conference.

If you do not reply within the **ten (10) calendar day** period allowed, the Deciding Official will make a decision based on the evidence now available. If you do reply to this notice, the decision will be based on careful consideration of the evidence of record, your written and/or oral replies to this notice, and any additional affidavits or other evidence you submit in support of your reply. A written notice of decision will be given to you. This decision will be to either (1) take the proposed action, (2) lessen the proposed penalty, or (3) not take the proposed action.

The Deciding Official for this action is:

   Kristie Kelm, Chief
   Employee Relations Branch
   USDA, FSIS, Employee Relations Branch
   1400 Independence Ave. SW, Room 3175-S
   Washington, DC 20250



Any questions concerning the contents of this letter, your rights, or the procedures involved, should be directed to me at the above telephone or address.

Sincerely,

*Tia Denise Gayle*

Tia Denise Gayle
Senior Employee Relations Specialist

Enclosure

cc: K. Kelm, Chief, LERD
    Receipt Acknowledgement Copy
    Representative Copy
    Field Employee Relations Specialist

I received the original of this letter on _____.
                                            Date

Signature of Employee: _____

Signature of Witness: *Wayne N. Bossler    7/27/04*
*Program Manager*
*Administrative Enforcement Branch, EED*

Date: July 27, 2004
Today I presented the Notice of Proposed Suspension and related documents to Mr. Eugene Casole. Mr. Casole accepted the documents, reviewed the letter but declined to sign the letter as being rec'd.

Exhibit 71
Page 4 of 4 pages

000346