| | | | |
|---|---|---|---|
| United States Department of Agriculture | Food Safety and Inspection Service | Labor & Employee Relations Division<br><br>Employee Relations Branch | 1400 Independence Ave., SW<br>Room 3175 South Bldg.<br>Washington, DC 20250<br>(202) 720-5657<br>(202) 690-3938 fax<br>(800) 217-1886 toll-free |

FOR OFFICIAL USE ONLY                    *COPY*                    August 30, 2004

TO:      Scott Safian
           Director, Evaluation and Enforcement Division
           Office of Program Evaluations, Enforcement and Reviews

FROM:    Sandra Bain  /s/ Sandra Bain
           Senior Employee Relations Specialist
           Employee Relations Branch

SUBJECT:  Decision Letter for Eugene Casole

Attached is a Decision Letter for Eugene Casole. Please ensure that it is delivered personally to the employee. Feel free to read the notice; if you spot glaring errors or discrepancies, please notify the Employee Relations Office and do not issue the notice until such issues are resolved.

The procedures for issuing the notice are as follows:

- Provide the employee the original of the letter. The employee should retain the original.

- Provide the employee the receipt copy and ask the employee to sign and date the copy to verify receipt of the notice. If an employee refuses to sign the notice, the issuer should sign and date the receipt copy as a witness to the issuance of the notice. Retrieve the signed receipt copy and

    1) Fax a copy to the Employee Relations Office at 202-690-3938, then
    2) return the receipt copy to the Employee Relations Office in the preaddressed envelope provided.

Please do this as soon as possible after delivery of the letter in order for the Employee Relations Branch to prepare and submit the SF-52 Request for Personnel Action.

- Provide the second copy so that, if the employee chooses, he/she can give it to a representative.

If you have any questions or cannot deliver the letter within seven (7) days, please call me at 202-690-3684. Thank you in advance for your assistance in delivering these notices.

Enclosures

EXHIBIT 22
Page 1 of 5 Pages

000347

| | | | |
|---|---|---|---|
| United States Department of Agriculture | Food Safety and Inspection Service | Labor & Employee Relations Division<br><br>Employee Relations Branch | 1400 Independence Ave., SW<br>Room 3175 South Bldg.<br>Washington, DC  20250<br>(202) 720-5657<br>(202) 690-3938 fax<br>(800) 217-1886 toll-free |

FOR OFFICIAL USE ONLY                                                                August 27, 2004

TO:             Eugene Casole
                Compliance Specialist
                Food Safety and Inspection Service
                Washington, DC

THROUGH:        Scott Safian, Director
                Evaluation and Enforcement Division

SUBJECT:        Decision on Proposed Suspension

Dear Mr. Casole:

In a notice issued July 7, 2004, Tia Gayle, Employee Relations Specialist, proposed that you be suspended from employment for a period not to exceed five (5) days for the charge of **Improper Conduct.**

After you received the notice proposing to suspend you, you submitted a written response received in our office on July 30, 2004. I gave careful consideration to all the evidence of record, including the letter of proposal and your written reply.

Specification 1:

On January 27, 2004 you called Ms. Holmes a "vamp" and then left her office. You returned to her office with a dictionary and proceeded to read the definition of the word.

Specification 2:

On January 29, 2004, after apologizing to Ms. Holmes for the January 27th incident, you leaned over and kissed her on the cheek.

Written Reply:

In your reply you stated that because you have named LERD in your November 25, 2003 EEO Complaint, you do not believe that our office would afford you a fair and impartial oral conference or genuinely consider any additional written submittal refuting evidence.

EXHIBIT 11
Page 1 of 5 Pages

000348

Finding:

The evidence supports the specifications. You have not responded to the Specifications or offer any defense for your actions. In the absence of any credible evidence to refute the Specifications, I must find that both Specifications are proven by a preponderance of evidence and is, therefore, sustained.

Analysis of the Penalty:

I considered a number of factors in deciding whether to issue you a five (5) day suspension as proposed. I have considered the relevant Douglas factors including, the fact that you knew or should have known that conduct of this nature would result in disciplinary action, the Agency's table of penalties for conduct of this nature, as well as the potential for rehabilitation.

As mitigating factors I considered that you have approximately eighteen (18) years of service with the Agency. However, your length of service does not outweigh the seriousness of the charge against you. Clearly, the misconduct is of an extremely serious nature, and strikes at the very core of the agency policy on expectations of employee conduct. FSIS personnel are expected to maintain the highest moral principles, and to uphold the law of the United States and the regulations and policies of the Food Safety and Inspection Service. Your actions have damaged the trust that is required of a government employee in a regulatory agency. As an employee of this agency, you are responsible for adhering to these basic principles, two of which are professionalism and integrity.

As an aggravating factor, I considered the fact that the sworn statements of Ms. Holmes and her supervisor, Mr. Hazel description of event were similar in content regarding your inappropriate behavior, which lends credibility to the charge. Moreover, I considered that in your sworn statement dated April 5, 2004 you admit that you called Ms. Holmes a 'vamp' and subsequently kissed her on the cheek.

I also considered your prior disciplinary record. Our records indicate that on June 26, 2003 you were issued a Letter of Reprimand after making offensive and discriminatory comments in a meeting with FSIS personnel and establishment management officials. In addition, you were issued a Letter of Caution on March 24, 2003 after making inappropriate comments during a meeting with other OPEER employees. In both instances, you were officially on notice that your conduct had fallen below the standard of care expected of all federal employees. Furthermore, you were informed that misconduct of this would not be tolerated. Despite counseling and the Letter of Reprimand you have continued to engage in inappropriate behavior in the workplace. Your derogatory, discourteous and inappropriate behavior towards Ms. Homes was unwelcome, unprofessional, wholly inappropriate, and inconsistent with Agency policy on expectations of employee conduct.

EXHIBIT 12
Page 2 of 5

In view of the above analysis, it is my decision that you be suspended without pay as proposed. The penalty is within the bounds of reasonableness and is consistent with the Agency's table of penalties. I have determined that this action is fully warranted, is just, and is for sufficient cause to support the efficiency of the Service. Accordingly, you will be suspended without pay beginning Monday, September 20, 2004 through Friday, September 24, 2004. You will be returned to duty and should report for work on your first normal workday following September 24, 2004. The personnel action reflecting this suspension shall follow.

Please be advised that additional proven misconduct on your part could result in a proposal for more severe disciplinary action against you up to and including a proposal to remove you from federal service.

## RIGHTS

You have the right to (1) file a grievance or (2) file a discrimination complaint concerning this decision.

If you choose to file a grievance, you must do so under the Administrative Grievance System procedure set forth in FSIS Directive 4771.1. You should address your grievance to:

> Administrator, Food Safety and Inspection Service
> Attention: Director, Labor and Employee Relations Division
> USDA, FSIS, LERD
> 1400 Independence Ave S.W., Room 3175-S
> Washington, DC 20250

To be considered, your grievance must (1) be in writing, (2) set forth specifically the reasons for your grievance, and (3) be submitted at any time after your receipt of this decision, but no later than **fifteen (15) calendar days** after the effective date of this action.

You have the right to be represented and advised by a representative of your own choosing in presenting your grievance, or you may represent yourself. You and your representative, if otherwise in active duty status, will be allowed a reasonable amount of official time to present your grievance.

If you believe this action was based on discrimination because of race, color, religion, sex, age, national origin, marital status, or physical/mental disability, you may file a complaint of discrimination through the USDA's discrimination complaint process.

Should you decide to file a complaint, you must contact the Agency's Civil Rights Division, at 800-269-6912, within **forty-five (45) calendar days** of the effective date of this action. They will assign a counselor who will attempt to resolve the complaint and/or give notice of how to file a formal complaint.

EXHIBIT 11
Page 4 of 5

Any questions concerning the contents of this letter, your rights, or the procedures involved, should be directed to me at the above letterhead address and telephone number.

Sincerely,

*[signature]*

Kristie Kelm
Chief, Employee Relations Branch

Enclosure

cc:    Receipt Acknowledgement Copy
       Representative Copy
       T. Gayle, Senior ERS

I received the original of this notice on _____.
                                                Date

                                                   *[signature]* 9/2/04

_____       _____
Signature of Employee                 Signature of Witness

Mr. Casole declined to sign the documents. He kept the blue envelop package with the other copies. I did apprise him of the purpose of the documents.

*[signature]* 9/2/04

EXHIBIT 22
P-5 of 5

000351