UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EUGENE CASOLE,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|       v. | )   Civil Action No. 05-1459 (CKK) |
| | ) |
| **MIKE JOHANNS,** | ) |
| **Secretary of the United States** | ) |
| **Department of Agriculture,** | ) |
| | ) |
|    **Defendant.** | ) |

PLAINTIFF'S STATEMENT OF
MATERIAL FACTS AS TO WHICH
<u>THERE IS A GENUINE ISSUE</u>

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(h), Plaintiff, Eugene Casole, by and through his attorney, Steven J. Silverberg, hereby submits the following <u>Plaintiff's Statement of Material Facts as to which there is a Genuine Issue</u>.

Local Rule 7.1(h) states that "facts identified by the moving party in its Statement of Material Facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." Plaintiff submits the following consisting of two sections: Section A, responding to Defendant's Statement of Material Facts Not in Dispute, and Section B, containing additional statements of material facts that are at issue.

    **A.**    **Plaintiff's Objection to Defendant's Statement of Material Facts <u>     </u>
            <u>Not in Dispute</u>**

Plaintiff objects to <u>Defendant's Statement of Material Facts Not in Dispute</u> as discovery has not occurred in this matter, as Defendant has not yet answered Plaintiff's Third Amended Complaint for Employment Discrimination (having filed instead its Motion to Dismiss or in the

Alternative for Summary Judgment).  Thus, Plaintiff has not had the opportunity to obtain evidence to refute Defendant's alleged "material facts" and therefore he cannot controvert Defendant's Statement of Material Facts Not In Dispute.  This Circuit has made it clear that "[l]itigants are entitled to discovery before being put to their proof." *Sparrow v. United Air Lines,* 216 F.3d 1111, 1117, (D.C. Cir 2000) *quoting Bennett v. Schmidt,* 153 F.3d 516, 519 (7th Cir. 1998); *see also* Plaintiff's Opposition to the Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment § IV(B)(1).

In general, this matter rests on the credibility of Defendant's non-discriminatory explanations for its action(s) as complained of in Plaintiff's Third Amended Complaint. In particular, Defendant's non-discriminatory explanations rely on the credibility of several of its employees, including but not limited to, Scott Safian, Richard Van Blargan, Charles Geraci, Zygmut Sala, Marcelle Castillo, Kristie Kelm, and others, all of whom were involved in the events complained of.  To the extent that Defendant relies on their testimony, documents issued by them, affidavits and/or the affidavits of other individuals, said testimony is a material fact at issue because reliance on their testimony at this stage requires an acceptance of the credibility of their testimony. This is not permitted on a motion for summary judgment. *See* § III(B), Plaintiff's Opposition to the Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment. *See also e.g. Cunningham v. United Nat. Bank of Wash.*, 710 F. Supp. 861, 862 (D.D.C. 1989) (when a dispute concerns the credibility of witnesses, only a trial jury, and not a judge weighing summary judgment pleadings, is able to assess the demeanor and attitude of witnesses); *Hayes v. Shalala*, 902 F. Supp. 259, 265 (D.D.C. 1995) (The credibility of witnesses may raise a genuine issue of fact that might determine the outcome of a case).  Plaintiff must also be given the opportunity to depose these witnesses so he can refute Defendant's Statement

of Material Facts Not in Dispute.

Discovery is required and Plaintiff is entitled to Discovery to allow Plaintiff to gather the evidence that will allow him to be "put to his proof." *Sparrow, supra* 216 F.3d at 1117. Pursuant to the Rule 56(f) affidavit attached as Exhibit A, Plaintiff requires discovery to obtain evidence *inter alia*, regarding the claims at issue and Defendant's alleged material facts.

### B.  Plaintiff's Statement of Material Facts as to Which There is a Genuine Issue

Plaintiff states that the following material facts are at issue and that he requires discovery regarding these facts and the credibility of Defendant's witnesses[1]. See also Plaintiff's Rule 56(f) affidavit, Exhibit B to, Plaintiff's <u>Memorandum of Points and Authorities in Support Of Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint or, in the Alternative, for Summary Judgment</u> (hereinafter "Points and Authorities").

#### 1. As to the non-selection for the Supervisory Non-Compliance Officer (Count I):

a) If Plaintiff was in fact better qualified than the selectees and if so, was the Agency's failure to select Plaintiff motivated in all or in part by reprisal for Plaintiff's prior EEO activity.

b) If selecting official Scott Safian manipulated the selection process so as to not selectee Plaintiff for the position at issue, and if so, was he motivated in all or in part by reprisal for Plaintiff's prior EEO activity.

c) If evidence supporting the Agency's non-discriminatory explanation is credible.

d) If the testimony and/or affidavits of Agency witnesses is credible.

---

[1] The following list is not intended to be exhaustive of all material facts at issue, but to illustrate that material facts necessary to Plaintiff's case are at issue and that discovery is required regarding these facts.

-3-

**2.**     **As to the Hostile Environment (Count II):**

a)     If Plaintiff was treated differently than other similarly situated individuals regarding the incidents that comprise Plaintiff's hostile environment claim, and if so, was that treatment motivated in all or in part by reprisal for his prior EEO activity.

b)     If evidence supporting the Agency's non-discriminatory explanation (e.g. witness testimony) is credible.

**3.**     **As to the Non-selection for the Position of Deputy Director (Count III)**

a)     If Plaintiff was in fact better qualified than the selectee and if so, was the Agency's failure to select Plaintiff motivated in all or in part by reprisal for Plaintiff's prior EEO activity.

b)     If Defendant manipulated the selection process so as to not selectee Plaintiff for the position at issue, and if so, was it motivated in all or in part by reprisal for Plaintiff's prior EEO activity.

c)     If evidence supporting the Agency's non-discriminatory explanation is credible.

d)     If the testimony and/or affidavits of Agency witnesses is credible.

**4.**     **As to the June 26, 2003 Letter of Reprimand (Count IV):**

a)     Whether similarly situated individuals received a letter of reprimand for similar alleged behavior, and if not, was that difference motivated in all or in part by reprisal for Plaintiff's prior EEO activity.

b)     Whether the alleged statements by Plaintiff were in fact, inappropriate and/or unprofessional. *See also* Plaintiff's Points and Authorities Exhibits C and D, Affidavits of Valarie Neris and Hussain Magsi

c)     Whether the Agency conducted a proper investigation of the allegations in accord with Agency regulations and procedures, and if not, was that failure motivated in all or in part by reprisal for Plaintiff's prior EEO activity. *See* Points and Authorities Exhibit G, Affidavit of Wayne Bossler.

d)     If evidence supporting the Agency's non-discriminatory explanation is credible.

e)     If the testimony and/or affidavits of Agency witnesses is

credible.

**5.     As to the September 20, 2004 Suspension (Counts V, VI, VII):**

    a)     Whether similarly situated individuals received a suspension for similar alleged behavior, and if not, was that difference motivated in all or in part by national origin discrimination, sex discrimination and/or reprisal for Plaintiff's prior EEO activity.

    b)     Whether Plaintiff's behavior was in fact inappropriate and unprofessional.

    c)     Whether the Agency conducted a proper investigation of the allegations in accord with Agency regulations and procedures, and if not, was that failure motivated in all or in part by reprisal for Plaintiff's prior EEO activity

    d)     If evidence supporting the Agency's non-discriminatory explanation is credible.

    e)     If the testimony and/or affidavits of Agency witnesses is credible.

**6.     As to the Detail to Omaha (Count VIII):**

    a)     Whether similarly situated individuals received a detail or a detail to a distant or otherwise inconvenient location for similar alleged behavior, and if not, was that difference motivated in all or in part by reprisal for Plaintiff's prior EEO activity.

    b)     If lower cost and less disruptive alternative locations were available to the Agency and if so, why they were not used.

    c)     If evidence supporting the Agency's non-discriminatory explanation is credible.

    d)     If the testimony and/or affidavits of Agency witnesses is credible.

-6-

        Respectfully submitted,

          /s/   Steven J. Silverberg
        Steven J. Silverberg
        District of Columbia Bar #377376
        Attorney for Plaintiff
        1819 L Street, N.W., Suite 700
        Washington, D.C. 20036
        Tel: (202) 785-8499
        Fax: (202) 785-8470
        E-mail: sjsilverberg@erols.com