*Exhibit B*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE CASOLE,           )
                         )
    Plaintiff,           )
                         )
    v.                   )   Civil Action No. 05-1459 (CKK)
                         )
MIKE JOHANNS, Secretary, )
United States Department )
of Agriculture,          )
                         )
    Defendant.           )

## PLAINTIFF'S RULE 56(f) AFFIDAVIT

I am Steven J. Silverberg, attorney for Plaintiff Eugene Casole in the above captioned matter. Pursuant to Fed.R.Civ.P. 56(f), I hereby swear, affirm and attest under the penalty of perjury that Plaintiff has not yet had an opportunity to conduct discovery in this matter pursuant to Fed.R.Civ.P. 26[1], and that such discovery is necessary to be conducted by Plaintiff pursuant to the Federal Rules for Plaintiff to obtain facts necessary to oppose Defendant's motion for summary judgment and to permit Plaintiff to obtain the evidence necessary to support his claims. Discovery is required on all of the claims presented in Plaintiff's Third Amended Complaint. Such discovery includes, but is not limited to, the following:

## AS TO ALL THIRD AMENDED COMPLAINT COUNTS:

Interrogatories, Requests for Production of Documents, Requests for Admissions and/or Depositions of all individuals named and/or identified in Plaintiff's Third Amended Complaint and of all other individuals with personal knowledge of the events complained of, including but not limited to:

---

[1] Defendant has not yet answered Plaintiff's Third Amended Complaint for Employment Discrimination (instead it filed its Motion to Dismiss or in the Alternative, for Summary Judgment), and thus no scheduling order initiating discovery has yet been entered by this Court.

·(1) Mr. Scott Safian, ·(2) Mr. Richard Van Blargan, ·(3) Mr. Ronald Hicks, ·(4) Ms. Marcelle Castillo, ·(5) Ms. Kristie Kelm, ·(6) Mr. Wayne Bossler, ·(7) Mr. Zygmunt Sala, ·(8) Ms. Vella Holmes, ·(9) Mr. Frank Busch, ·(10) Ms. Teri Gaudreau, ·(11) Mr. Jose Cavalo, ·(12) Mr. Leonard Uptain, ·(13) Mr. Saied Iskander, (14)· Ms. Olga Morales, ·(15) Ms. Vella Holmes, (16)· Ms. Kristie Kelm, (16)· Mr. Don Smart, ·(17) Mr. Bill Smith, ·(18) Mr. Larry Roth, (19)· Dr. Jane Roth · (20) Mr. Charles Geraci, and, (21) other individuals with relevant information regarding the events complained of. All of the individuals named are named in Plaintiff's Third Amended Complaint as having participated in and/or witnessed the events complained of and are reasonably believed to have relevant information regarding the events complained of.

Plaintiff also requires discovery of electronically stored information (pursuant to the recent amendment of Fed. R. Civ. P. 16(b)) in the possession of the Agency that relates to the events complained of in Plaintiff's Third Amended Complaint, including but not limited to all electronically stored information relating to communications between and among Plaintiff's supervisors relating to Plaintiff and relating to Plaintiff's allegations in the Third Amended Complaint.

Sections IV(B)(1)-(6) of Plaintiff's <u>Memorandum of Points and Authorities in Support Of Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint or, in the Alternative, for Summary Judgment</u> which further describe Plaintiff's need for discovery are incorporated herein by reference.

## AS TO COUNT ONE - REPRISAL IN VIOLATION OF TITLE VII
(Non-Selection, Supervisory Compliance Officer)

Plaintiff Casole alleges that the Agency willfully, intentionally, maliciously and unlawfully retaliated against him because of his prior EEO activity when, on November 26, 2002, he was not selected for the position of Supervisory Compliance Officer (Program Manager), GS-1801-14, and alleges that he was the best qualified candidate, and that the Agency manipulated the process to select other candidates. Required discovery includes, *inter alia*:

Interrogatories, Requests for Production of Documents, Requests for Admissions and/or Depositions regarding Plaintiff's non-selection for the position of Supervisory Compliance Officer;

discovery into the credibility and motivations of all individuals involved in the selection process and decision making process, and their prior knowledge of Plaintiff's prior EEO activity and whether they were motivated in all or part by Plaintiff's prior EEO activity;

discovery regarding the qualifications of the selectee(s) as compared to Plaintiff and other applicants;

discovery regarding the evaluations, scoring, rating and ranking of the individual applicants for the position;

irregularities in the selection process, and;

the discovery of the influence of any prohibited motives, including retaliation for Plaintiff's prior EEO activity, on the decision makers and/or selection process.

## AS TO COUNT TWO - REPRISAL IN VIOLATION OF TITLE VII
(Hostile Environment)

Plaintiff Casole alleges that the Agency willfully, intentionally, maliciously and unlawfully retaliated against him because of his prior EEO activity when its managers and supervisors took numerous actions against him that created a hostile environment. Required discovery includes, *inter alia*:

> Interrogatories, Requests for Production of Documents, Requests for Admissions and/or Depositions regarding Plaintiff's hostile environment claim (looking at each individual claim separately and all of the claims as a whole), including but not limited to, Defendant's treatment of Plaintiff in general and compared to other employees and the motives for Defendant's treatment of Plaintiff;

> the credibility of Defendant's non-discriminatory explanations for each of the incidents complained of;

> comparison of the treatment of the Plaintiff as compared to other similarly situated individuals, and;

> the credibility and motivations of Defendant's decision-makers and Plaintiff's supervisors' denials of motivation by reprisal for Plaintiff's prior protected EEO activity.

## AS TO COUNT THREE - REPRISAL IN VIOLATION OF TITLE VII
(Non Selection, Deputy Director)

Plaintiff Casole alleges that the Agency willfully, intentionally, maliciously and unlawfully retaliated against him because of his prior EEO activity when, on March 5, 2004, he was not selected for the position of Deputy Director, for Compliance and Investigations Divsion (CID), GS-1801-14. Plaintiff also alleges that he was the best qualified candidate, however, the Agency instead selected Mr. Martin Hickman for the position. Required discovery includes, *inter alia*:

> Interrogatories, Requests for Production of Documents, Requests for Admissions and/or Depositions regarding Plaintiff's non-selection for the position of Deputy Director, FSIS Compliance and Investigation Division;

> discovery into the credibility and motivations of all individuals involved in the selection process and decision making process, and their prior knowledge of Plaintiff's prior EEO activity and whether they were motivated in all or part by Plaintiff's prior EEO activity;

> discovery regarding the qualifications of the selectee as compared to Plaintiff and other applicants;

> discovery regarding the evaluations, scoring, rating and ranking of the individual applicants for the position;

> irregularities in the selection process, and;

the discovery of the influence of any prohibited motives, including retaliation for Plaintiff's prior EEO activity, on the decision makers and/or selection process.

## AS TO COUNT FOUR - REPRISAL IN VIOLATION OF TITLE VII
(Reprimand)

Plaintiff Casole alleges that the Agency willfully, intentionally, maliciously and unlawfully retaliated against him because of his prior EEO activity when, on June 26, 2003, Marcelle Castillo, FSIS, LERD issued an official letter of reprimand dated June 26, 2003, to Plaintiff and that no other similarly situated employee without prior EEO activity has been so reprimanded. Required discovery includes, *inter alia*:

> Interrogatories, Requests for Production of Documents, Requests for Admissions and/or Depositions regarding Plaintiff's reprimand, including but not limited to:

> whether similarly situated individuals received a letter of reprimand for similar alleged behavior, and;

> if not, was that difference motivated in all or in part by reprisal for Plaintiff's prior EEO activity;

> discovery into the decision process of and credibility of those individuals deciding on the reprimand, decision makers' knowledge prior knowledge of Plaintiff's EEO activities, the credibility of decision makers testimony;

> whether the Agency conducted a proper investigation of the allegations in accord with Agency regulations and procedures, and;

> if not, was it motivated in all or in part by a prohibited motive, including Plaintiff's prior EEO activity;

> the exact circumstances of the incident(s) that lead to the reprimand; and

> discovery into the Agency's consideration of the "Douglas factors" in disciplining Plaintiff as compared to other similarly situated individuals.

## AS TO COUNT FIVE - REPRISAL IN VIOLATION OF TITLE VII
(Suspension)

Mr. Casole alleges that the Agency willfully, intentionally, maliciously and unlawfully retaliated against him because of his prior EEO activity when, on August 27, 2004, Kristie Kelm, FSIS, LERD, suspended him for five (5) workdays, from September 20, through September 24, 2004 and that similarly situated employees without prior EEO activity were not so treated. Required discovery includes, *inter alia*:

> Interrogatories, Requests for Production of Documents, Requests for Admissions and/or Depositions regarding Plaintiff's suspension;

> discovery into the decision process of and credibility of those individuals deciding on the

suspension;

decision makers' prior knowledge of Plaintiff's EEO activity,

decision makers' motivation(s), and if decision makers were motivated in all or part by reprisal for Plaintiff's prior EEO activity;

the credibility of decision makers' testimony;

a comparison of the treatment of Plaintiff when compared to that of other similarly situated individuals who committed similar alleged behavior in the Agency, and if Plaintiff was treated differently;

whether the Agency conducted a proper investigation of all allegations in accord with Agency regulations and procedures;

if not, was it motivated at all or in part by a prohibited motive, including retaliation for Plaintiff's prior EEO activity;

the exact circumstances of the incident (s) that lead to the suspension; and

discovery into the Agency's consideration of the "Douglas factors" in disciplining Plaintiff as compared to other similarly situated individuals.

## AS TO COUNT SIX -
## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII
(Suspension based on National Origin)

Mr. Casole alleges that the Agency willfully, intentionally, maliciously and unlawfully discriminated against him in violation of Title VII based on national origin when, by letter dated August 27, 2004, Kristie Kelm, FSIS, LERD, suspended him for five (5) days in part for kissing another employee on the cheek. Mr. Casole also alleges that no other similarly situated non-Italian employee has been so suspended for this type of behavior. Required Discovery includes, *inter alia*:

Interrogatories, Requests for Production of Documents, Requests for Admissions and/or Depositions regarding Plaintiff's suspension;

discovery into the decision process of and credibility of those individuals deciding on the suspension;

decision makers' motivation(s), and if decision makers were motivated in all or part by national origin discrimination;

the credibility of decision makers' testimony;

a comparison of the treatment of Plaintiff when compared to that of other similarly situated individuals who committed similar alleged behavior in the Agency, and if Plaintiff was treated differently;

Whether the Agency conducted a proper investigation of all allegations in accord with Agency regulations and procedures;

if not, was it motivated at all or in part by a prohibited motive, including national origin

discrimination;

the exact circumstances of the incident (s) that lead to the suspension; and

discovery into the Agency's consideration of the "Douglas factors" in disciplining Plaintiff as compared to other similarly situated individuals.

### AS TO COUNT SEVEN - SEX DISCRIMINATION IN VIOLATION OF TITLE VII
(Suspension based on Sex)

Mr. Casole alleges that the Agency willfully, intentionally, maliciously and unlawfully discriminated against him in violation of Title VII based on sex when, by letter dated August 27, 2004, Kristie Kelm, FSIS, LERD, suspended him for five (5) days in part for allegedly calling a female co-worker, Vella Holmes, a "vamp". However, the Agency ignored the fact that Ms. Holmes had previously spoken to Mr. Casole in inappropriate sexual terms and had twice said to Mr. Casole in front of a co-worker was that what he wanted was a 12 year old virgin. Mr. Casole also alleges that no other similarly situated female employee has been so suspended for this type of alleged behavior. Required discovery includes, *inter alia*:

Interrogatories, Requests for Production of Documents, Requests for Admissions and/or Depositions regarding Plaintiff's suspension;

discovery into the decision process of and credibility of those individuals deciding on the suspension;

decision makers' motivation(s), and if decision makers were motivated in all or part by Plaintiff's sex;

the credibility of decision makers' testimony;

a comparison of the treatment of Plaintiff when compared to that of other similarly situated individuals who committed similar alleged behavior in the Agency, and if Plaintiff was treated differently;

Whether the Agency conducted a proper investigation of all allegations in accord with Agency regulations and procedures;

if not, was it motivated at all or in part by a prohibited motive, including sex discrimination;

the exact circumstances of the incident (s) that lead to the suspension; and

discovery into the Agency's consideration of the "Douglas factors" in disciplining Plaintiff as compared to other similarly situated individuals.

## AS TO COUNT EIGHT - REPRISAL IN VIOLATION OF TITLE VII
(Detail to Omaha, Nebraska)

Mr. Casole alleges that the Agency willfully, intentionally, maliciously and unlawfully retaliated against him because of his prior EEO activity when Mr. Van Blargen detailed him to Omaha, Nebraska from February 17, 2004 until March 12, 2004. Mr. Casole also alleges that no other similarly situated employee without prior EEO activity has been detailed in this manner. Required discovery includes, *inter alia*:

> Interrogatories, Requests for Production of Documents, Requests for Admissions and/or Depositions regarding the out of town detail of Plaintiff;
>
> the credibility and motivations of the individuals involved in the decision making process, their prior knowledge of Plaintiff's prior EEO activity, and whether they were motivated in all or part by Plaintiff's prior EEO activity;
>
> why exactly Plaintiff had to be detailed;
>
> why exactly Plaintiff had to be detailed to Omaha, Nebraska;
>
> if lower cost and less disruptive alternatives were available;
>
> if lower cost and less disruptive alternatives were available why they were not used, and;
>
> a comparison of the Defendant's treatment of Plaintiff with other similarly situated individuals in similar circumstances.

Plaintiff reserves the right to conduct such additional discovery beyond that described herein, pursuant to Fed. R. Civ. P. 26, as may be required.

Respectfully submitted,

_____
Steven J. Silverberg
District of Columbia Bar #377376
Attorney for Plaintiff
1819 L Street, N.W., Suite 700
Washington, D.C. 20036
Tel: (202) 785-8499
Fax: (202) 785-8470
E-mail: sjsilverberg@erols.com

Subscribed and sworn to before me on this 5   day of February, 2007.

_____
Notary Public

My commission expires:

-7-