UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE CASOLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1459 (CKK) |
| ) | |
| MIKE JOHANNS, ) | |
| Secretary of the Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Mike Johanns, in his official capacity as Secretary of the Department of Agriculture, respectfully files this reply in support of his motion to dismiss plaintiff's third amended complaint or, in the alternative, for summary judgment.

## ARGUMENT

### I. PLAINTIFF MISSTATES THE STANDARDS OF REVIEW

#### A. To Survive A Rule 12(b)(6) Motion, The Complaint Must State *Facts* Establishing A Legally Sufficient Claim

As this Circuit has noted, notwithstanding the liberal pleading requirements in the Federal Rules, a plaintiff must state the ***facts*** that he believes constitute his claim in the complaint. Browning v. Clinton, 292 F.3d 235, 241-42, (D.C. Cir. 2002). The purpose of a Rule 12(b)(6) motion is to protect both the defendants and the Court from unnecessary litigation by determining, at the outset of the litigation, whether the facts alleged constitute a legally cognizable basis for relief:

> A Rule 12(b)(6) motion tests the legal sufficiency of a complaint: . . [W]e accept the plaintiff' factual allegations as true and construe the complaint "liberally,"

>   grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the *facts* alleged," Kowal, 16 F.3d at 1276. . . [But] we accept neither "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint," nor "legal conclusions cast in the form of factual allegations."

Id. (emphasis added).

Thus, the analysis of the sufficiency of the complaint is based on *facts* that plaintiff has plead, not plaintiff's legal conclusions and citations, characterizations, or rambling circumlocutions. The complaint is required to include a reasonably concise statement of the *facts* that plaintiff believes provable at trial and that entitle him to relief so the Court can determine which, if any, claims are subject to litigation. Id.; see also Fed. R. Civ. P. 8(a) (requiring plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief"); Browning, 292 F.3d at 242 (Court will not accept "legal conclusions cast in the form of factual allegations").

In response to defendant's motion to dismiss, plaintiff asserts that he is not required to plead a prima facie case and, therefore, defendant's motion to dismiss the retaliation claim for failure to state a claim should be denied pending discovery. While plaintiff is correct in that he is not required to plead a prima facie case, he must allege *facts* that, if true, entitle him to relief. Thus, the sufficiency of the complaint turns on the facts alleged in the complaint. Browning, 292 F.3d at 242. Likewise, any attempt to argue new facts in his opposition in an attempt to save his defective complaint must fail – he was required to allege those facts in his complaint, not in his opposition. Henthorn v. Department of Navy, 29 F.3d 682, 687-88 (D.C. Cir. 1994) (Court should consider facts alleged in complaint, not in the memorandum of law in opposition to a motion to dismiss because "[t]he purpose of a motion to dismiss is to assess the validity of the *pleadings*."); Velikonja v. Mueller, 362 F. Supp. 2d 1, 7 n.2 (D.D.C. 2004) ("absent a formal

motion to . . . amend the complaint, a court does not treat the contents of an opposition to a motion to dismiss as an amendment to a complaint").

Defendant moved to dismiss three of plaintiff's claims for failure to state a claim – Count I, which alleged retaliation based on protected activity that took place five years before the alleged retaliatory actions; Count II, which alleged a hostile work environment with factual allegations that do not meet the standard for such a claim; and Count VI, which alleged discrimination on the basis of plaintiff's national origin, a claim that was never exhausted. As explained herein, dismissal on these claims is appropriate, even at this stage of the litigation.

**B.     SUMMARY JUDGMENT IS AN APPROPRIATE PROCEDURAL TOOL AT THIS STAGE OF THE LITIGATION FOR PLAINTIFF'S BASELESS CLAIMS**

In opposition to defendant's motion, plaintiff asserts that summary judgment is premature because he has not had the opportunity to conduct discovery. Plaintiff also asserts that summary judgment is not appropriate in a discrimination case such as this one. Plaintiff's argument is misplaced. First, it is well accepted that summary judgment is appropriate in discrimination cases, even pre-discovery. Second, the summary judgment portion of defendant's motion was supported in large part by *plaintiff's own admissions*.

Contrary to plaintiff's assertions, there can be no doubt that summary judgment is an appropriate method of dealing with discrimination claims. In fact, notwithstanding that "summary judgment must be approached with specific caution in discrimination cases, a plaintiff is ***not*** relieved of her obligation to support her allegations by affidavits or other competent evidence showing that there is a genuine issue for trial." Morgan v. Fed. Home Loan Mortgage Corp., 172 F. Supp. 2d 98, 104 (D.D.C. 2001) (quoting Calhoun v. Johnson, No. 95-2397, 1998

WL 164780, at *3 (D.D.C. Mar. 31, 1998) (internal citation omitted), aff'd, No. 99-5126, 1999 WL 825425, at *1 (D.C. Cir. Sept. 27, 2000)); see also Marshall v. James, 276 F. Supp. 2d 41, 47 (D.D.C. 2003) (special caution "does not eliminate the use of summary judgment in discrimination cases") (citing cases). Thus, "summary judgment is *not* a 'disfavored procedural shortcut,' but is an integral procedural tool which promotes the speedy and inexpensive resolution of every case." Marshall, 276 F. Supp. 2d at 47 (quoting Celotex Corp., 477 U.S. at 327).

According to the D.C. Circuit, a plaintiff must present *substantial* and *credible* evidence of discrimination to survive a motion for summary judgment. See Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999) ("Accepting [some] conclusory allegations as true, therefore, would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial."); Carpenter v. Federal Nat'l Mortgage Ass'n, 165 F.3d 69, 72 (D.C. Cir. 1999) (if plaintiff merely shows that the legitimate nondiscriminatory reason offered by the employer is a pretext for a decision intending to cover up an unsavory reason -- but one that is not illegal under the antidiscrimination law, the plaintiff is not entitled to try issues of fact, and summary judgment for the employer is appropriate.); Hastie v. Henderson, 121 F. Supp. 2d, 72, 77 (D.D.C. 2000) aff'd, No. 00-5423, 2001 WL 793715 (D.C. Cir. 2001) ("To defeat a motion for summary judgment, a plaintiff cannot create a factual issue of pretext with mere allegations or personal speculation, but rather must point to 'genuine issues of material fact in the record.'"); Woodruff v. DiMario, 164 F. Supp. 2d 1, 5 (D.D.C. 2001). Additionally, there will be "instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's

explanation, no rational factfinder could conclude that the action was discriminatory." Weigert v. Georgetown University, 120 F. Supp. 2d 1, 22 (D.D.C. 2000) (quoting Reeves v. Sanderson Plumbing Co., 530 U.S. 133 (2000)).

Plaintiff responds to defendant's motion for summary judgment, not by contesting the undisputed facts set forth in defendant's motion, but instead by averring that he needs discovery. This Court should not be fooled by plaintiff's attempts to distance himself from his own actions by asserting a need for discovery. See Carpenter v. Federal National Mortgage Association, 174 F.3d 231, 237-38 (D.C. Cir. 1999) (pre-discovery summary judgment affirmed), cert. denied 528 U.S. 876 (1999); White v. Fraternal Order of Police, 909 F.2d 512, 517 (D.C. Cir. 1990) (The decision of whether to permit further discovery before ruling on a motion for summary judgment is committed to the discretion of the district court).

To succeed in delaying consideration of a motion for summary judgment to permit discovery pursuant to Rule 56(f), a party must, inter alia, "articulate a plausible basis for the belief that discoverable materials exist which would raise a trialworthy issue." Price v. General Motors Corp., 931 F.2d 162, 164 (1st Cir. 1991); accord Byrd v. United States Environmental Protection Agency, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999) (no abuse of discretion for the District Court to grant summary judgment before discovery, where the plaintiff's Rule 56(f) submission failed to show what facts he intended to discover that would create a triable issue and where he instead merely made "a conclusionary assertion without any supporting facts."); Carpenter, 174 F.3d at 237-38. To satisfy Rule 56(f), a non-movant must describe a need for "facts essential to justify the party's opposition" to a motion for summary judgment. Fed. R. Civ. P. 56(f). See also Exxon Corp. v. FTC, 663 F.2d 120, 128 (D.C. Cir. 1980) (upholding

district court's denial of motion under Rule 56(f), court explained that "[plaintiff] has failed to show the requested discovery was necessary to oppose [defendant's] summary judgment motion. It is not the intent of Rule 56 to preserve purely speculative issues of fact for trial . . . ."). In his opposition, plaintiff does not dispute the version of facts set forth in defendant's motion, which are based upon plaintiff's own sworn testimony. Moreover, plaintiff offers nothing but speculation regarding his alleged need for discovery. As explained in detail in the discussion below, there is no need for discovery in this action and summary judgment is appropriate now.

**II.    PLAINTIFF'S RETALIATION CLAIM RELATING TO THE NOVEMBER 26, 2002 NON-SELECTION MUST BE DISMISSED**

Plaintiff asserts that defendant's motion must be denied because the only thing he was required to plead to survive a 12(b)(6) motion is "I was turned down for a job because of my [prior protected activity]." Pltf's Opp. at 15. While notice pleading may permit a plaintiff to make such bare-bones allegations and survive a motion to dismiss, plaintiff ignores the fact that he chose to plead additional facts showing he cannot succeed on his claim, thereby pleading himself out of a claim. Major v. Plumbers Local Union No. 5., 370 F. Supp. 2d 118, 128-29 (D.D.C. 2005) (while a plaintiff need not set forth the prima facie case as to each count to survive a motion to dismiss for failure to state a claim, they must present facts that would establish elements of each claim); Rochon v. Ashcroft, 319 F. Supp. 2d 23, 29 (D.D.C. 2004) ("litigants may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail"), rev'd on other grounds, 438 F.3d 1211(D.C. Cir. 2006).

Plaintiff plainly states that his prior protected activity was ***more than five years*** before the alleged act of retaliation, and offers nothing else to support a claim of retaliation. As explained in defendant's motion, this amount of time, without more, is too much to establish

causation. Def's Motion at 7-9. Plaintiff responds by asserting that the binding D.C. Circuit precedent is *not* the law in this Circuit. Specifically, plaintiff states that the D.C. Circuit's pronouncement in Holbrook v. Reno, 196 F.3d 255, 263 (D.C. Cir. 1999), that a plaintiff establishes the causation element of a retaliation claim by showing that the alleged retaliating official "had knowledge of his protected activity, *and* that the adverse personnel action took place *shortly after that activity*," is not the law of this Circuit. Plaintiff's claim that this Court may disregard an unequivocal holding of the D.C. Circuit and declare that holding not to be the law of this Circuit is surprising at best.[1] The D.C. Circuit was clear in Holbrook, and it is clear that plaintiff cannot meet this test – his prior protected activity took place more than five years before the alleged retaliatory incident. Accordingly, plaintiff's retaliation claim relating to his November 26, 2002 non-selection should be dismissed for failure to state a claim.

### III. PLAINTIFF'S COMPLAINT FAILS TO STATE A HOSTILE WORK ENVIRONMENT CLAIM

In response to defendant's arguments as to his hostile work environment claim, plaintiff asserts that the Supreme Court's holding in Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405 (2006) changed the requirement that a hostile work environment be "severe, pervasive and abusive." Plaintiff's argument compares apples to oranges. In Burlington, the Supreme Court simply held that for a Title VII retaliation claim involving a discrete action, a plaintiff need not show an adverse employment action. Instead, a plaintiff needs to now show that the employer took a materially adverse action that a reasonable employee would believe is designed

---

[1] In making such a claim, plaintiff cites to cases from the Third Circuit, Tenth Circuit, the Eastern District of Pennsylvania and the Eastern District of Louisiana. Unfortunately for plaintiff, none of those Courts are binding in this jurisdiction, particularly in light of the holding by the D.C. Circuit establishing the law on retaliation.

to discourage protected activity. This standard has *nothing* to do with a hostile work environment claim.

In fact, the United States Supreme Court itself has held that hostile work environment claims are *fundamentally different* from claims challenging discrete adverse personnel actions, in that they involve repeated discriminatory intimidation, ridicule, and insult in the workplace. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115-16 (2002). Thus, to prevail on such a retaliatory hostile work environment claim, a plaintiff must allege facts showing that the employer, in retaliation for plaintiff's protected activity, subjected him to "discriminatory intimidation, ridicule, and insult of such 'severity or pervasiveness [as] to alter the conditions of [her] employment and create an abusive working environment.'" Hussain v. Nicholson, 435 F.3d at 366 (quoting Harris v. Forklift Sys., 10 U.S. at 21-22). See also Brodetski v. Duffey, 141 F. Supp. 2d 35, 48 (D.D.C. 2001).

As explained in defendant's motion, plaintiff does not even come close to meeting this standard. See Def's Motion at 9-15. Because the facts pleaded in the third amended complaint do not establish a hostile work environment, plaintiff's claim is subject to dismissal for failure to state a claim.

## IV.     PLAINTIFF DID NOT EXHAUST HIS NATIONAL ORIGIN CLAIM

In contrast to his administrative claim in this matter, plaintiff's third amended complaint alleges that his five day suspension was discriminatory based upon his national origin, Italian. Apparently, he alleges that he should not have been suspended for his unwanted kissing of a co-worker because it is an Italian tradition to kiss someone on the cheek who you have offended. Plaintiff's complaint relating to his national origin is fundamentally flawed because he never

exhausted this claim. Notably, plaintiff does not dispute that the national origin claim was not exhausted. Instead, he asserts that he may bring the unexhausted claim in Court because it is "like or related" to his exhausted claims. In support of this claim, and in contrast to defendant's motion, which cited precedent from this jurisdiction, plaintiff cites only EEOC material. Quite simply, plaintiff's argument is mistaken.

While courts have allowed the inclusion of previously un-referenced acts of discrimination that "fall[] within the scope of a prior EEO complaint," Waiters v. Parsons, 729 F.2d 233, 235 (3d Cir. 1984), they have not allowed the resurrection or inclusion of abandoned or never-before-raised theories of discrimination. Compare President v. Vance, 627 F.2d 353 (D.C. Cir. 1980) (Court considered race-discrimination promotion claim where EEO complaint had alleged only race discrimination in an employment evaluation) with Anthony v. Bowen, 674 F. Supp. 876, 879 (D.D.C. 1986), aff'd in part and rev'd in part 812 F.2d 13 (D.C. Cir. 1987) (holding that complainant should not be indulged to point of allowing him to resurrect claim he deliberately abandoned in earlier stage of administrative process) and Siegel v. Kreps, 654 F.2d 773, 778 (D.C. Cir. 1981) (where EEO complaint alleged retaliation, judicial complaint could not be expanded to include allegations of religion and age discrimination).

A claim that plaintiff was discriminated against on the basis of his National Origin could not reasonably be expected to have been encompassed within the Department of Agriculture's investigation because his administrative complaint alleged only retaliation and gender as the basis for discrimination. In fact, plaintiff's allegations themselves show that it was necessary for him to exhaust the national origin claim if he is to properly bring it in this action. Plaintiff alleges that his unwanted kissing of a co-worker should be excused due to his national origin

9

because unwanted kissing is apparently appropriate in Italy. This claim is not only nonsensical, but it raises entirely different issues than a gender or retaliation claim. Accordingly, plaintiff's claim of national origin discrimination should be dismissed for failure to state a claim, as he never exhausted such a claim. Sisay v. Greyhound Lines, Inc., 34 F. Supp. 2d 59, 64 (D.D.C. 1998) (because plaintiff only alleged race discrimination in the administrative complaint, "the plaintiff's claim of national origin discrimination, raised for the first time in the complaint before this court, must be dismissed for failure to exhaust administrative remedies"); Siegel v. Kreps, 654 F.2d 773, 778 (D.C. Cir. 1981) (where EEO complaint alleged retaliation, judicial complaint could not be expanded to include allegations of religion and age discrimination).

## V. SUMMARY JUDGMENT ON PLAINTIFF'S MARCH 5, 2004 NON-SELECTION RETALIATION CLAIM IS PROPER

Plaintiff alleges that he needs discovery on the March 5, 2004 non-selection claim to show that there were irregularities in the selection process. However, plaintiff points to no actual irregularities other than the fact that plaintiff himself did not like the ranking of the candidates. Moreover, even if irregularities occurred in the process, that is not the same as proof of retaliation. Plaintiff also alleges that he needs discovery to probe the involvement of his supervisors in the selection process. Plaintiff's argument ignores the sworn testimony from Mr. Sala that he ranked the candidates and made the selection based upon those rankings.

Even at this stage of the litigation, plaintiff may only defeat summary judgment with evidence to challenge defendant's legitimate non-discriminatory reasons for the selection, i.e., by showing that defendant's legitimate, non-discriminatory reasons for its actions are false, ***and*** that discrimination motivated the actions. See 42 U.S.C. § 2000e-2(m); St. Mary's, 509 U.S. at 515-516. Plaintiff's speculation is not sufficient to do so. Hastie v. Henderson, 121 F. Supp. 2d, 72,

77 (D.D.C. 2000) aff'd, No. 00-5423, 2001 WL 793715 (D.C. Cir. 2001) ("To defeat a motion for summary judgment, a plaintiff cannot create a factual issue of pretext with mere allegations or personal speculation, but rather must point to 'genuine issues of material fact in the record.'").

## VI. SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM RELATING TO THE LETTER OF REPRIMAND IS APPROPRIATE

In support of defendant's motion for summary judgment on plaintiff's retaliation claim relating to the letter of reprimand for his inappropriate comments at a meeting, defendant offered sworn testimony by plaintiff himself regarding the actual comments he made at the meeting. Then, defendant offered sworn testimony from the deciding official on the letter of reprimand that she was *unaware* of plaintiff's prior protected activity. Plaintiff's opposition neither challenges the substance of his own admitted comments nor the fact that Ms. Castillo was unaware of his prior protected activity. Thus, summary judgment on plaintiff's retaliation claim relating to the letter of reprimand is appropriate. See Laboy v. O'Neill, No. 01-5322, 2002 WL 1050416, at * 1 (D.C. Cir. March 13, 2002) ("because the official responsible for ordering appellant's termination was unaware of appellant's prior EEO activity, appellant failed to establish a prima facie case of retaliation").

## VII. SUMMARY JUDGMENT IS APPROPRIATE ON PLAINTIFF'S CLAIMS RELATING TO HIS SUSPENSION FOR SEXUAL HARASSMENT (INAPPROPRIATE COMMENTS AND TOUCHING)

In support of defendant's motion relating to his suspension, defendant offered plaintiff's own sworn testimony relating to the following: On January 27, 2004, plaintiff entered an office jointly shared by Ms. Vella Holmes and Mr. Gray Hazel. Decl. of Eugene Casole p.2 (attached as Exhibit 1). After entering the office, plaintiff "teased" Ms. Holmes by telling her that he

believed she was an "opportunist." Id. Plaintiff then told Ms. Holmes that management promoted her because they liked her. Id. at p.3.

Following these comments, plaintiff turned to Mr. Hazel, who was also in the office, and asked, "What do they call an opportunist from your neck of the woods." Id. Before Mr. Hazel could respond, however, plaintiff stated, "I think they call them Vamps." Id. In response to plaintiff's comments, plaintiff thought Ms. Holmes and Mr. Hazel looked "perplexed." Id. In using the term "vamp," plaintiff meant to imply that Ms. Holmes was "an unscrupulous woman or unprincipled person, and that an unprincipled person was also an opportunist." Id.

After seeing that his calling Ms. Holmes a vamp was not well received, plaintiff returned to his office, retrieved his dictionary, and returned to the office of Ms. Holmes and Mr. Hazel. Id. Plaintiff then "positioned [himself] in front of Ms. Holmes' desk, opened the dictionary to the word 'vamp,' and read the definition: 'vamp (vamp) [Short for Vampire] Informal. -n. An unscrupulous woman who seduces or exploits men.'" Id. As plaintiff read the sentence aloud, he paused, edited, and commented on the definition, accepting some language and qualifying it with a comment and dismissing other language and commenting on it. "Specifically, [when plaintiff] read, '. . . who seduces . . .' [he] stated, 'I don't know about this stuff,' and waived [his] hand over the dictionary in a gesture to dismiss this fragment, but them commented on the later part, '. . . or exploits men,' again, in a kidding manner, 'Yeah, you're kind-of like that.'" Id. Prior to leaving Ms. Holmes' office, it was apparent to plaintiff that his remarks "did not go over well." Id.

After hearing a rumor that supervisory personnel had been made aware of his comments to Ms. Holmes, plaintiff decided to apologize to Ms. Holmes. Id. pp. 5-6. To that end, on

January 29, 2004, he entered Ms. Holmes' office, approached Ms. Holmes and stated, "I hurt you." Id. at p.6. Plaintiff then kissed Ms. Holmes on the cheek. Id. In response, Ms. Holmes said to plaintiff , "Eugene, what really hurt the most is that you believe those things about me." Id. Plaintiff then stated to Ms. Holmes, "[b]ut, that's what people are saying. We can talk about it later, if you want." Id. Plaintiff then left Ms. Holmes' office.

In opposition to defendant's motion, plaintiff does not dispute these facts. Instead, he asserts that he needs discovery into whether or not Ms. Holmes was offended by his comments and the decision process to suspend him. Plaintiff's request for discovery on these issues is mistaken – plaintiff's own sworn testimony clearly supports his punishment and, therefore, summary judgment is appropriate in defendant's favor on these two counts.

**VIII.  SUMMARY JUDGMENT IN DEFENDANT'S FAVOR ON COUNT VII, RELATING TO PLAINTIFF'S FEBRUARY 17-MARCH 12, 2004 DETAIL TO OMAHA, NEBRASKA IS PROPER**

Defendant's motion explained that plaintiff was temporarily detailed to Nebraska to work while the investigation of his inappropriate comments and touching of Ms. Holmes was being conducted. This fact was clearly explained to plaintiff at the time of the detail. Notwithstanding this undisputed explanation, plaintiff asserts he needs discovery on the issue to determine if the agency could have transferred him somewhere else at a lesser cost to the agency. Unfortunately, Title VII is not a budget mechanism whereby a plaintiff gets to challenge the costs to an agency of certain actions – it is a method of challenging discrimination and retaliation. In sum, plaintiff presents nothing to challenge defendant's reasoning for the transfer and, in fact, admits to his conduct that forms the basis for the investigation. Thus, summary judgment on plaintiff's claims relating to the temporary detail is appropriate.

## CONCLUSION

For the foregoing reasons, as well as those set forth in defendant's motion, Counts I , II and VI should be dismissed for failure to state a claim, and summary judgment should be entered in defendant's favor on Counts III, IV, V, VI, VII and VIII.

February 15, 2007                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


_____/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 307-1249
(202) 514-8780 (facsimile)