UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE CASOLE,

    Plaintiff,

    v.

MIKE JOHANNS, Secretary of the
Department of Agriculture,

    Defendant.

Civil Action No. 05-1459 (CKK)

**MEMORANDUM OPINION**
(September 11, 2008)

    Currently pending before the Court is an action brought by Plaintiff Eugene Casole, an employee of the United States Department of Agriculture, Food Safety and Inspection Service, who alleges that he was subject to discrimination, retaliation, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. Defendant Mike Johanns, in his official capacity as Secretary of the Department of Agriculture, filed a Motion to Dismiss three counts of Plaintiff's Third Amended Complaint (Counts I, II, and VI) or, in the alternative, for Summary Judgment. Plaintiff filed an Opposition arguing, *inter alia*, that Plaintiff is entitled to discovery pursuant to Federal Rule of Civil Procedure 56(f). *See* Pl.'s Opp'n, Ex. B (Affidavit of S. Silverberg). Defendant filed a Reply. Upon a searching review of the Parties' submissions, applicable case law, statutory authority, and the entire record of the case herein, the Court shall GRANT Plaintiff's request to take discovery pursuant to Rule 56(f), DENY WITHOUT PREJUDICE Defendant's Motion for Summary Judgment, GRANT-IN-PART Defendant's Motion to Dismiss as to Count VI of Plaintiff's Third Amended

Complaint, and DENY-IN-PART Defendant's Motion to Dismiss as to Counts I and II, for the following reasons.

## LEGAL STANDARDS AND DISCUSSION

Federal Rule of Civil Procedure 56(f) provides that:

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

Fed. R. Civ. P. 56(f). The D.C. Circuit has explained that discrimination cases ordinarily cannot be resolved based on the administrative record and that plaintiffs are generally entitled to take discovery that might reveal, for example, motives that "lie at the heart of [] discrimination claims." *Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1045-46 (D.C. Cir. 2008). In the present case, Plaintiff has set forth extensive discovery that would be sought as to each count in the Third Amended Complaint, including (but not limited to) discovery into the qualifications of candidates who competed with Plaintiff for positions for which Plaintiff was not selected, and the circumstances and results of investigations into Plaintiff's conduct and those of similarly situated individuals. *See* Pl.'s Opp'n, Ex. B at 2-3 (Affidavit of S. Silverberg). The Court finds that Plaintiff's Opposition and the attached Rule 56(f) affidavit sufficiently demonstrate that Plaintiff is entitled to this and other discovery in this case. *See Chappell-Johnson v. Powell*, 440 F.3d 484, 486 (D.C. Cir. 2006) (finding that a Rule 56(f) declaration properly identified areas for discovery that included "the process by which grade levels are determined for vacant positions . . . and the reasons why [the] vacancy . . . was not filled") (internal punctuation and citation omitted). Accordingly, the Court shall grant Plaintiff's request for discovery under Rule 56(f),

and shall deny Defendant's Motion for Summary Judgment without prejudice.

As for Defendant's Motion to Dismiss, Count I of Plaintiff's Third Amended Complaint alleges that Defendant retaliated against him because of his "prior EEO activity" when he was not selected for the position of Supervisory Compliance Officer in November 2002. Third Amend. Compl. ¶¶ 24-27. Defendant has moved to dismiss this claim because Plaintiff filed his EEO complaint in August 1997, five years prior to his non-selection. Def.'s Mot. at 7-9. Defendant argues that this time lapse prevents Plaintiff from establishing the requisite causation between his EEO activity and the alleged act of retaliation. *Id.* Defendant's argument is not persuasive. Retaliation claims may be cognizable based on EEO-protected activities, not just the filing of an EEO Complaint. *See* 42 U.S.C. § 2000e-3(a) (prohibiting discrimination against an employee because he "opposed any practice made an unlawful employment practice by this title or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title"); *Lemmons v. Georgetown Univ. Hosp.*, 431 F. Supp. 2d 76, 91 (D.D.C. 2006) ("An activity is 'protected' for the purposes of a retaliation claim 'if it involves opposing alleged discriminatory treatment by the employer or participating in legal efforts against the alleged treatment'") (quoting *Coleman v. Potomac Elec. Power Co.*, 422 F. Supp. 2d 209, 212-13 (D.D.C. 2006)). In this case, Plaintiff has alleged retaliation for "EEO activity," not for simply filing his EEO Complaint. Third Amend. Compl. ¶ 25. Moreover, showing that the EEO activity occurred close in time to the alleged retaliation is one method that a Plaintiff may use to demonstrate a requisite causal link, but it is not the only one. *See Forman v. Small*, 271 F.3d 285, 299 (D.C. Cir. 2001) (requiring the Plaintiff to establish facts "adequate to permit an inference of retaliatory motive"). Finally, as even Defendant

acknowledges, *see* Def.'s Mot. at 8 n.3, a court may not dismiss a claim of retaliation on a motion to dismiss for failing to plead the prima facie elements of the claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002) ("[t]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement"). *See also Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008) ("[a]t the motion to dismiss stage, the district court cannot throw out a complaint even if the plaintiff did not plead the elements of a prima facie case").[1] Accordingly, the Court shall deny Defendant's Motion to dismiss Count I of Plaintiff's Third Amended Complaint.

Count II of Plaintiff's Third Amended Complaint alleges that Defendant created a hostile work environment through various retaliatory acts occurring in connection with Plaintiff's EEO-related activities. *See* Third Amend. Compl. ¶¶ 28-31. Defendant has moved to dismiss this claim because the alleged acts, according to Defendant, are not sufficiently severe or pervasive as to "alter the conditions of [his] employment and create an abusive working environment." Def.'s Mot. at 11 (quoting *Hussain v. Nicholson*, 435 F.3d 359, 366 (D.C. Cir. 2006)) (quoting *Harris v. Forklift Sys.*, 510 U.S. 17, 21-22 (1993)). As reflected in Plaintiff's Rule 56(f) affidavit, however, many of these acts concern disputed facts as to which discovery has not yet been taken, *see* Pl.'s Opp'n to Def.'s Mot., Ex. B at 3 (Affidavit of S. Silverberg), and a motion to dismiss is not the appropriate vehicle for evaluating the character or consequences of these alleged acts. *See Holmes-Martin v. Leavitt*, No. 07-2128, 2008 U.S. Dist. LEXIS 59950 at *18-*19 (D.D.C. Aug. 7, 2008 (denying the defendant's motion to dismiss the plaintiff's hostile work environment

---

[1] Where a defendant has asserted a legitimate, non-discriminatory reason justifying its conduct, the prima facie case is, in any event, "irrelevant." *Adeyemi v. District of Columbia*, 525 F.3d 1222, 1226 (D.C. Cir. 2008) .

claim because notice pleading only requires that the plaintiff plead facts that "support" a claim, not those that "establish" it).  Accordingly, the Court shall deny Defendant's Motion to Dismiss Count II of Plaintiff's Third Amended Complaint.[2]

Count VI of Plaintiff's Third Amended Complaint alleges that Plaintiff was subject to discrimination based on his national origin (Italian).  *See* Third Amend. Compl. ¶¶ 44-47.  Defendant has moved to dismiss this claim because Plaintiff only asserted gender discrimination and retaliation in his administrative complaint and never exhausted his administrative remedies with respect to a national origin discrimination claim.  *See* Def.'s Mot. at 15-19.  Plaintiff does not contest that he failed to identify national origin discrimination as a basis for his complaint.  *See* Pl.'s Opp'n at 23-24.  Instead, Plaintiff argues that the Court should nevertheless entertain his national origin discrimination claim because "Plaintiff is only raising a new basis [for his claim], not a new or different incident."[3]  *Id.* at 24.  Plaintiff's argument conflicts with a long line of cases in this Circuit that require plaintiffs to administratively exhaust their Title VII claims, and that prevent plaintiffs from conflating ideologically distinct categories of discrimination for purposes of meeting their exhaustion requirements.  *See Siegel v. Kreps*, 654 F.2d 773, 776 (D.C. Cir. 1981) (affirming district court's dismissal of the plaintiff's religious discrimination claim because it was raised for the first time in his civil action and was not subject to administrative

---

[2] Based on the Court's disposition of Defendant's Motion to Dismiss Count II, the Court does not reach Defendant's novel argument that the Supreme Court's decision in *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006), altered the standard for reviewing claims of hostile work environment that are associated with claims of retaliation.

[3] Plaintiff cites EEOC decisions in support of this argument, but "[i]t is well established that EEOC decision and precedents do not have controlling precedent in federal courts." *Tewelde v. Albright*, 89 F. Supp. 2d 12, 17 n.4 (D.D.C. 2000).

exhaustion); *Nyunt v. Tomlinson*, 543 F. Supp. 2d 25, 35-36 (D.D.C. 2008) (dismissing the plaintiff's national origin discrimination claim because the plaintiff only identified race discrimination and retaliation in his EEOC complaint, and "[a]lthough [the plaintiff] attempts to conflate race and national origin, it is clear that these are ideologically distinct categories"); *Brown v. District of Columbia*, 251 F. Supp. 2d 152, 162 (D.D.C. 2003) (holding that the plaintiff failed to exhaust her administrative remedies with respect to gender discrimination and retaliation claims where she had only asserted discrimination based on race and disability in her EEOC complaint); *Sisay v. Greyhound Lines, Inc.*, 34 F. Supp. 2d 59, 64 (D.D.C. 1998) (holding that the plaintiff failed to exhaust his administrative remedies with respect to a claim of national origin discrimination where he had only asserted race discrimination and retaliation in his EEOC complaint).

     Although Plaintiff does not argue that he properly raised national origin discrimination in his EEOC complaint, the Court nevertheless also reviewed his 94-page, single-spaced EEOC complaint (inclusive of attachments) to determine whether Plaintiff made allegations concerning national origin such that the EEOC may have had notice of this claim. *See* Notice of Submission, Docket No. [30] (1/5/05 Complaint of Discrimination). The Court's review confirms that Plaintiff only identified reprisal and sex discrimination as the "basis of discrimination." *Id.* at 1, 49 ("[m]y accuser . . . and all Personnel officials involved in the investigation and aftermath are women, which raises an inference of sexual discrimination" and "[others] discrimination against me, based on reprisal"). The only reference to Plaintiff's heritage is a passage in the complaint where Plaintiff attempts to justify his allegedly unwanted kissing of a co-worker (for which he was disciplined) on the basis that he is Italian and "formal

kissing is practiced and accepted by many cultures." *Id.* at 5.  This brief explanation, encompassed within a 94-page complaint, would not have put the EEOC "on notice to investigate possible discrimination based on national origin." *Sisay*, 34 F. Supp. 2d at 64.  Accordingly, the Court finds that Plaintiff failed to administratively exhaust his claim based on national origin discrimination, and the Court shall grant Defendant's Motion to Dismiss Count VI of Plaintiff's Third Amended Complaint.[4]

## CONCLUSION

For the reasons set forth above, the Court shall GRANT Plaintiff's request for discovery under Rule 56(f), DENY WITHOUT PREJUDICE Defendant's [21] Motion for Summary Judgment, GRANT-IN-PART Defendant's [20] Motion to Dismiss as to Count VI of Plaintiff's Third Amended Complaint and DENY-IN-PART Defendant's Motion to Dismiss as to Counts I and II of Plaintiff's Third Amended Complaint.  An appropriate Order accompanies this Memorandum Opinion.

Date: September 11, 2008

                                              /s/
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge

---

[4] Plaintiff's Opposition also briefly argues that he was denied an opportunity to have any of his claims "exhausted" because Defendant failed to investigate his complaint within 180 days of the date of its filing pursuant to 29 C.F.R. § 16143.108(e).  *See* Pl.'s Opp'n at 23.  Plaintiff's four-sentence argument is entirely beside the point – because Plaintiff failed to raise national origin discrimination in that complaint, the EEOC had no notice of it and had no opportunity "to rectify the wrong through conciliation or other administrative relief." *Keller v. Embassy of the United States of America*, 522 F. Supp. 2d 213, 219 (D.D.C. 2007).